IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SABAL TRAIL TRANSMISSION, LLC, | * | |
| Plaintiff, | * | CASE NOS. 4:16-cv-00097 |
| vs. | * | 4:16-cv-00102 4:16-cv-00104 |
| REAL ESTATE, *et al.*, | * | 4:16-cv-00107 4:16-cv-00113 |
| Defendants. | * | |

O R D E R

The Federal Energy Regulatory Commission ("FERC") granted a certificate of public convenience and necessity ("FERC Certificate") to Plaintiff Sabal Trail Transmission, LLC. The FERC Certificate authorized Sabal Trail to construct and operate an interstate natural gas pipeline. Based on the FERC Certificate, the Court found that the Natural Gas Act gave Sabal Trail the right to condemn easements over Defendants' property. *Sabal Trail Transmission, LLC v. Estate*, No. 4:16-CV-97, 2016 WL 3248367, at *5 (M.D. Ga. June 10, 2016), *amended*, No. 4:16-CV-97, 2016 WL 3251577 (M.D. Ga. June 10, 2016).

Last year, Defendants in these five cases filed motions to dismiss because the United States Court of Appeals for the District of Columbia Circuit vacated Sabal Trail's FERC Certificate. *See generally Sierra Club v. Fed. Energy Regulatory Comm'n*, 867 F.3d 1357 (D.C. Cir. 2017). At FERC's request, the D.C. Circuit stayed issuance of the mandate so that

FERC could issue an order on remand that complied with the D.C. Circuit's order, thus ensuring that there would not be a lapse of FERC Certificate authority for the pipeline project. This Court deferred ruling on Defendants' motions to dismiss pending issuance of the D.C. Circuit's mandate.

The mandate has now issued, which means that the original FERC Certificate has been vacated. Mandate, *Sierra Club v. Fed. Energy Regulatory Comm'n*, Case #16-1329, Doc. # 1724589 (D.C. Cir. Mar. 30, 2018). But, Sabal Trail presented evidence that FERC issued an Order on Remand Reinstating Certificate and Abandonment Authorization. Notice of Mandate Ex. A, Reinstated FERC Certificate (Mar. 14, 2018), ECF No. 144-1. In other words, FERC completed a revised environmental impact statement as required by the D.C. Circuit and issued Sabal Trail a reinstated FERC Certificate before the D.C. Circuit issued its mandate so that there would be no lapse of FERC Certificate authority for the pipeline project. Therefore, Defendants' basis for dismissal—lack of a valid FERC Certificate—does not exist.

Defendants nonetheless argue that the reinstated FERC Certificate cannot be the basis for these five condemnation actions. They contend that the entire process should start over, with new good faith negotiations between Sabal Trail and Defendants and, if those fail, new condemnation proceedings

2

under the reinstated FERC Certificate.[1] Such an exercise would be a waste of everyone's resources. As the Court previously stated, "a party may exercise the federal power of eminent domain under § 717f(h) once three requirements are met: (1) the party holds a FERC certificate authorizing a natural gas pipeline project, (2) the FERC certificate concludes that the property to be taken is necessary for the pipeline project, and (3) the party cannot acquire the easements by contract." *Sabal Trail*, 2016 WL 3248367, at *2. The first two requirements are met: Sabal Trail holds a FERC Certificate authorizing a natural gas pipeline project, and that FERC Certificate concludes that the property to be taken is necessary for the pipeline project.[2] The only remaining question is whether Sabal Trail can acquire the easements by contract.

Sabal Trail was not able to acquire the easements by contract before these condemnation actions were filed two years ago. Before Sabal Trail filed these actions, it attempted to negotiate with the property owners by offering to pay more than Sabal Trail's appraised value of the permanent and temporary easements. *See* Norman Decl. Ex. C, Letter from Tony Dieste to

---

[1] The Court previously concluded that good faith negotiations are not required before a condemnation action can be filed. *Sabal Trail*, 2016 WL 3248367, at *4.

[2] Defendants point out that the reinstated FERC Certificate is not yet final since FERC *could* grant rehearing (if rehearing is requested) and someone *might* appeal FERC's decision to the D.C. Circuit. If the validity of the reinstated FERC Certificate is called into question in the future, Defendants may file new motions to dismiss at that time.

3

Sandra Jones 2 (Mar. 1, 2016) ECF No. 4-3 at 17 in 4:16-cv-97 (offering $85,000 for easements with an appraised value of $11,791.00); Norman Decl. Ex. C, Letter from Tony Dieste to W. Lynn Lasseter 2 (Mar. 1, 2016) ECF No. 4-3 at 13 in 4:16-cv-102 (offering $145,303.00 for easements interests with an appraised value of $17,791.00); Norman Decl. Ex. C, Letter from Tony Dieste to K. Gregory Isaacs 2 (Mar. 1, 2016) ECF No. 4-3 at 13 in 4:16-cv-104 (offering $43,791.95 for easements with an appraised value of $20,817.00); Norman Decl. Ex. C, Letter from Tony Dieste to G.B.A. Associates 2 (Mar. 1, 2016) ECF No. 4-3 at 15 in 4:16-cv-107 (offering $406,208.05 for easements with an appraised value of $203,139.00); Norman Decl. Ex. C, Letter from Tony Dieste to James & Robert Bell 2 (Mar. 1, 2016) ECF No. 4-3 at 13 in 4:16-cv-113 (offering $13,000.00 for easements with an appraised value of $6,400.00). Those offers were all rejected, and Sabal Trail filed these actions.

The parties have been litigating these cases for two years. Discovery is complete, and the cases are ready for trial on the issue of just compensation. Throughout the past two years, the parties have hotly contested the value of the easements, and Defendants did not point to any evidence to suggest that either side has softened its stance significantly on the value of the easements. In light of this history, the Court concludes that Sabal Trail still cannot acquire the easements by contract,

4

although the parties are certainly welcome to try to reach agreements before the trials begin. Thus, Sabal Trail has met all three requirements for exercising the federal power of eminent domain under 15 U.S.C. § 717f(h).

For the reasons set forth above, the Court denies Defendants' motions to dismiss (ECF No. 138 in 4:16-cv-97; ECF No. 73 in 4:16-cv-102; ECF No. 72 in 4:16-cv-104; ECF No. 69 in 4:16-cv-107; ECF No. 73 in 4:16-cv-113). The Court will address the pending *Daubert* motions and motions in limine in separate orders.

IT IS SO ORDERED, this 10th day of April, 2018.

s/Clay D. Land  
CLAY D. LAND  
CHIEF U.S. DISTRICT COURT JUDGE  
MIDDLE DISTRICT OF GEORGIA
